(138 App. Div. 211.)

## KERSHAW v. STEURER.

(Supreme Court, Appellate Division, First Department.　May 20, 1910.)

1. LIBEL AND SLANDER (§ 111*)—ACTION—EVIDENCE.

In an action for libel, evidence that defendant was informed by certain persons that the published charges were true was admissible in mitigation of damages.

[Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. § 319; Dec. Dig. § 111.*]

2. EVIDENCE (§ 317*)—HEARSAY EVIDENCE—ORAL STATEMENTS.

In an action for libel, evidence of statements of a third person to defendant that the facts published were true, when introduced in mitigation of damages, and not as justification, was not hearsay.

[Ed. Note.—For other cases, see Evidence, Dec. Dig. § 317.*]

Appeal from Trial Term, New York County.

Action by George Kershaw, by Benjamin Kershaw, his guardian ad litem, against Charles D. Steurer. From a judgment for plaintiff, and from an order denying a motion for a new trial, defendant appeals. Reversed, and new trial granted.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and MILLER, JJ.

Arthur J. Westermayr, for appellant.

Samuel P. Goldman, for respondent.

SCOTT, J. Appeal by defendant from a judgment for damages for a libel. The defendant is the owner and publisher of a newspaper in the city of New York. He published concerning the plaintiff a libelous article, in which the latter, a telegraph messenger boy, was charged with having delivered "fake" messages to Italians and collecting therefor 50 cents apiece. It also charged that he had confessed to a policeman, and had said that within two weeks he had delivered and collected upon about 300 such messages. The defendant attempted to justify, but failed, as the jury must have found, in order to render a verdict for plaintiff.

The defendant also offered evidence in mitigation of damages, seeking to show that he acted upon information, that before the publication he made an investigation as to the truth of the charge, and that from the information thus received he believed that the story was true. To this end he called the editor of the paper, who testified that he first received information of the occurrence from the New York Sun, published on the day preceding the publication in defendant's newspaper, and immediately proceeded to investigate the matter thoroughly; that he called up a reporter on the Sun, whom he knew well, and had a conversation with him; that he went to the police station, and spoke to the sergeant, and read the police blotter, and then sent out a reporter to try to interview some of the Italians. The court refused to permit the editor to testify as to what the Sun reporter said to him, or as to what was contained in the police blotter.

This we think was error. The defendant, as a protection against

punitive damages, was entitled to show that in publishing the article he acted without malice, in good faith, and in the honest belief that it was true. To show this he should have been permitted to give evidence, not only that he investigated as to the truth of the charge, but also what that investigation disclosed. It would then be for the jury to say whether or not the information thus obtained was sufficient to justify a reasonable man in believing the story to be true. Such evidence is not, properly speaking, hearsay evidence upon the point to which it was directed, viz., the defendant's belief in the truth of the article and the sufficiency of the grounds for such belief. Of course, such evidence would be hearsay as bearing upon a plea of justification, and its receipt would call for an instruction to the jury that anything the defendant might have been told could not be considered as proof of the truth of the libel. The verdict in the present case suggests that some part of it was awarded by way of exemplary damages, and hence that the excluded testimony might, if admitted, have affected the verdict.

Judgment and order appealed from reversed, and a new trial granted, with costs to appellant to abide the event. All concur.